UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| APRIL ROYAL, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| vs. | ) No. 1:24-cv-00094-JMS-MG |
| | ) |
| PEDCOR MANAGEMENT CORP. *as M/A for Waterfront Pointe*, | ) |
| | ) |
| *Defendant*. | ) |

**ENTRY GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

Pending before the Court are *pro se* Plaintiff April Royal's Complaint, [Filing No. 1], and Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 2]. This Order first addresses Ms. Royal's Motion for Leave to Proceed *In Forma Pauperis*, then screens her Complaint pursuant to 28 U.S.C. § 1915(e)(2), and directs further proceedings.

**I.**
**MOTION TO PROCEED *IN FORMA PAUPERIS***

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Ms. Royal's Motion to Proceed *In Forma Pauperis*, [2], meets the above standard and is therefore **GRANTED**. 28 U.S.C. § 1915(a).

The Court notes that, while *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee. *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the filing fee; "all § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (emphasis in original). The Court does not have the authority to waive the filing fee, and it remains due despite plaintiff's *in forma*

*pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, *2 (C.D. Ill. 2016) ("The Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, *5 (E.D. Wis. 2015) (same principle). The filing fee for *in forma pauperis* litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $405 filing fee includes a $55 administrative fee, but that the administrative fee "does not apply to . . . persons granted in forma pauperis status under 28 U.S.C. § 1915"). Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

### A. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. The Complaint

Ms. Royal sets forth the following allegations in her Complaint, [Filing No. 1], which the Court must accept as true at this time:

> Misty C the head manager refuse[d] to except my [October] 23 [r]ent. She sent it back on the 3 of [October]. I got a letter in the mail for a[n] eviction 3-222-23[.] I got a letter from Small Claim Court 3-24-23[.] I was force[d] out of my [apartment] on [November] 27 the lock on my door was change[d] so I could [not] get my belonging[s.] My door was force[d] open by two guys one had his gun out. I went to a homeless shelter[.] I was hospitalize[d.] This is [retaliation].

[Filing No. 1 at 5.] Ms. Royal asks that this Court "[h]ear [her] side of the story"; "look at [her] paper work"; and "see [her] videos." [Filing No. 1 at 6.] She alleges she was "set-up." [Filing No. 1 at 6.]

She also attaches a 124-page exhibit to her Complaint.[1] [Filing No. 1-1.] In the exhibit, it appears that Ms. Royal complained to Defendant Pedcor Management Corporation as M/A for Waterfront Point Apartments ("Pedcor Management") multiple times throughout July, August, and September 2023 regarding certain smells in her apartment and threatened to contact the "Board of Health/Air quality control" if Pedcor Management did not fix the problem or move her to another apartment. [Filing No. 1-1 at 69-74.] It also appears that Ms. Royal was then sued by Pedcor Management in the Wayne Township Marion County Small Claims Court for non-payment of rent and evicted. *See Pedcor Management Corporation as M/A for Waterfront Pointe Apartments v. April Royal,* Wayne Township Marion County Small Claims Court, Case No. 49K08-2310-EV-004873, available at https://public.courts.in.gov/mycase/#/vw/Search (listing "49K08-2310-EV-004873" as the Case Number) ("State Court Lawsuit").[2] [Filing No. 1-1 at 32-35.] An eviction hearing was held on November 9, 2023 before Judge Gerald B. Coleman and a damages hearing

---

[1] The Court considers Ms. Royal's exhibit as a part of her pleadings pursuant to Federal Rule of Civil Procedure 10(c), which provides that a written instrument that is attached as an exhibit to a pleading is "part of the pleading for all purposes."

[2] The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The Court does so here to provide additional context for the allegations in Plaintiff's complaint.

has been scheduled for February 8, 2024. [Filing No. 1-1 at 34-35.] The docket for the State Court Lawsuit shows that Ms. Royal filed a Notice of Appeal. *See id.*

Ms. Royal uses the Court's *pro se* civil rights complaint form but does not fill out any information on the second page as to this Court's basis for jurisdiction. [*See* Filing No. 1 at 2.] She names two Defendants: Pedcor Management and "Landman Beatty Lawyer LLP." [Filing No. 1 at 4.]

**C. Discussion**

Consistent with the obligation to construe *pro se* pleadings liberally, *see, e.g.*, *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019), the Court does its best to discern the claims that Ms. Royal is alleging in her Complaint despite her not providing any information regarding the basis for this Court's jurisdiction. The Court addresses the allegations and then discusses a potential abstention issue with Ms. Royal's claims.

   *1.   Retaliation Claim*

Because Ms. Royal uses the "civil rights" *pro se* form and alleges "retaliation," the Court guesses that Ms. Royal is alleging that she was retaliated against for complaining about the odor in her apartment in violation of 42 U.S.C. § 3617—the "anti-retaliation provision" of the Fair Housing Act ("FHA"). *See Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856, 868 (7th Cir. 2018) (referring to § 3617 as the FHA's "anti-retaliation provision").

The anti-retaliation provision makes it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of [her] having exercised or enjoyed, . . . any right granted or protected by section . . . 3604 . . . of this title."[3] 42 U.S.C. § 3617. The

---

[3] The statute also includes references to §§ 3603, 3605, and 3606, but those sections are not relevant here because they address the types of properties covered by the FHA, real-estate transactions, and brokerage services. 42 U.S.C. §§ 3603, 3605, 3606, and 3617.

4

right granted in § 3604 is the right to be free from discriminatory practices in the sale or rental of housing because of one's race, color, religion, sex, familial status, national origin, or handicap. 42 U.S.C. § 3604; *see also Riley v. City of Kokomo*, 909 F.3d 183, 192 (7th Cir. 2018). Simply put, the anti-retaliation provision "protects an individual's ability to report a discriminatory housing practice to a housing provider or other appropriate authority." *Riley*, 909 F.3d at 192 (discussing FHA retaliation) (citing 24 C.F.R. § 100.400(c)(6)).

  Unfortunately, Ms. Royal's allegations are not sufficient to state a retaliation claim. The Court understands Ms. Royal to be alleging that Pedcor Management retaliated against her for complaining about the odor in her apartment. But the FHA anti-retaliation provision protects against reports of unlawful discrimination, not reports of general conditions. *See id.* (finding that a complaint of fraudulent mismanagement and failure to follow procedures to a housing authority without more "is not equivalent to reporting a discriminatory housing practice" and therefore could not support an FHA retaliation claim); *Kummerow v. Ohawcha.org*, 2022 WL 873599, at *4-5 (W.D. Wis. Mar. 24, 2022) (dismissing at screening plaintiff's FHA retaliation claim when he alleged that he was retaliated against for complaining about his apartment manager assessing him a monetary penalty, giving him a negative reference, and seeking a restraining order because the complaints were not related to unlawful discrimination); *Johnson v. Flannery*, 2022 WL 103710, at *2 (N.D. Ill. Jan. 11, 2022) (dismissing at screening plaintiff's FHA retaliation claim when he alleged that he was retaliated against for reporting his landlord to the local health department for failure to provide appropriate living conditions because the report was not related to discrimination); *Norman v. Nw. Indiana CA Section 8*, 2021 WL 4363012, at *4 (N.D. Ind. Sept. 24, 2021) (dismissing at screening plaintiff's FHA retaliation claim when she alleged that "she was retaliated against by the termination of her housing assistance" when she complained to a housing

authority that it was "unfair that her landlord ha[d] a mortgage on the property she rent[ed]" because it could not be "reasonably inferred that she complained about a discriminatory housing practice").  Ms. Royal's allegations do not indicate that her reports were related to discrimination, and thus, she fails to plead an FHA retaliation claim.

### 2. *Claim Against Landman Beatty Lawyer LLP*

The Court is unable to determine what claims Ms. Royal is asserting against "Landman Beatty Lawyer LLP" because of the lack of allegations regarding "Landman Beatty Lawyer LLP's" involvement.

In sum, the Court is mindful of Ms. Royal's *pro se* status and its responsibility to do its best to figure out what her claims are.  *See, e.g.*, *Kiebala*, 928 F.3d at 684.  Nevertheless, because Ms. Royal has not set forth a plausible federal claim for relief, her Complaint must be dismissed.  Consistent with the general policy that *pro se* litigants should be given ample opportunity to correct deficiencies, *see id.*, Ms. Royal shall have until **February 19, 2024** to file an Amended Complaint that addresses the problems noted above and provides "a short and plain statement of the claim[s] showing that [she is] entitled to relief," Fed. R. Civ. P. 8.  If she fails to do so, the case might be dismissed.  The Amended Complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and Defendants with notice of what Defendants allegedly did or did not do to violate her rights.  The Court attaches a blank *pro se* complaint form that Ms. Royal may use.  Ms. Royal should use the docket number assigned to this federal case (1:24-cv-00094-JMS-MG) on her Amended Complaint.

*3. Federal Abstention*

To the extent that Ms. Royal files an Amended Complaint, the Court notes that, based on the pleadings, it appears that Ms. Royal's Complaint may require the Court to avoid hearing the case because the claims are related to the pending State Court Lawsuit.

Here, Ms. Royal's Complaint clearly relates to her State Court Lawsuit, which appears to be ongoing as there is a damages hearing set in February and Ms. Royal filed a Notice of Appeal. The Court also cautions Ms. Royal that when her State Court Lawsuit ends, the correct place to appeal is a state court, not a federal court. If she persists in filing in here, she will have to state a claim that is supported by federal law and that is unrelated to the State Court Lawsuit.

## III.
### CONCLUSION

The Court, having considered the above action and the matters that are pending, makes the following rulings:

1. Ms. Royal's Motion for Leave to Proceed *In Forma Pauperis*, [2], is **GRANTED**;

2. Ms. Royal's Complaint, [1], is **DISMISSED WITHOUT PREJUDICE**;

3. Ms. Royal shall have until **February 19, 2024** to file an Amended Complaint that explains how she has a federal claim that is separate from the pending State Court Lawsuit and that otherwise complies with federal pleading standards. Failure to do so may result in dismissal of this case.

Date: 1/22/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail to:**

April Royal
11411 E. New York St.
Apt. 2
Indianapolis, IN 46229